UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL SECTION

CIVIL ACTION NO. 01-40128

ANGELO B. CARON, )
)
    Plaintiff )
)
v. ) DEFENDANT'S ANSWER
)
JOHN DOE, WORCESTER )
POLICE OFFICER, BADGE )
NUMBER 373, )
)
    Defendant )

Defendant hereby answers Plaintiff's Complaint as follows:

1. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant denies the allegations contained in Paragraph5 of Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, and, as a result, this action should be dismissed with prejudice and with costs to the Plaintiff.

### SECOND AFFIRMATIVE DEFENSE

Defendant states the injuries or damages alleged in Plaintiff's Complaint were caused in whole or in part by



Plaintiff's own conduct, and, therefore, Plaintiff is estopped from recovering on his claims.

### THIRD AFFIRMATIVE DEFENSE

Defendant states that the injuries or damages alleged in Plaintiff's Complaint were caused in whole or in part by Plaintiff's violation of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is not liable to Plaintiff because Defendant's actions were, at all times relevant hereto, reasonable, proper and justified.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is not liable to Plaintiff because Defendant's actions were performed according to and protected by law and/or legal process.

### SIXTH AFFIRMATIVE DEFENSE

Defendant is not liable to Plaintiff because Defendant is privileged in his conduct and acts.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants is entitled to immunity based upon the good faith belief that the harm suffered by Plaintiff was not a result of which a reasonable person in Defendant's position would have known to result from his actions.

### EIGHTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant states that he acted without malice toward Plaintiff and that his actions relative to Plaintiff were privileged by virtue of his acting reasonably and in good faith within the scope of his employment.

### NINTH AFFIRMATIVE DEFENSE

Defendant has qualified immunity from this suit as alleged acts complained of occurred within the scope of the Defendant's

official duties and the Defendant has no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of Plaintiff's rights at the time that they were committed.

## TENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendant was a police officer acting within the scope of his authority; if physical contact was made between Defendant and Plaintiff, such conduct was a fair and reasonable exercise of Defendant's police powers and, therefore, he is immune from liability and/or an award of monetary damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is frivolous, without any basis in fact or law and not advanced in good faith and, therefore, Defendant is entitled to attorney's fees, costs, and any other sanctions the Court deems appropriate pursuant to Mass. Gen. Laws c. 231, § 6F and Fed. R. Civ. P. 11.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with the conditions precedent to bringing suit pursuant to Mass. Gen. Laws c. 258, and as a result, Plaintiff's c. 258 claims must be dismissed.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from this action pursuant to Mass Gen. Laws c. 258, and, therefore, the action against him must be dismissed.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to bring his claim within the applicable statute of limitations and, therefore, his claim is barred.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant is immune from suit in accordance with the doctrines of qualified immunity, absolute immunity, and privilege.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any injury or damage as alleged, such damage was caused by the acts or omissions of a third party over whom the Defendant had no control.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants state that their conduct or actions were not the proximate cause of Plaintiff's injuries.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant states that Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983 as the conduct alleged in Plaintiff's Complaint does not involve any particular right arising under the United States Constitution, and further that no violation of any constitutional right has been pleaded with the requisite particularity, and, therefore, counts purporting to allege such violation must be dismissed.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to effectuate proper service on the Defendant, and, therefore, the action against him must be dismissed.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, and, as a result, this action should be dismissed with prejudice and with costs to the Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint lacks jurisdiction because no federal claim has been asserted, and, as a result, this action should be dismissed with prejudice and with costs to the Defendant.

DEFENDANT,

By his attorneys,

DAVID M. MOORE
CITY SOLICITOR

*(signature)*
Janet J. McGuiggan (BBO#630013)
Assistant City Solicitor
City Hall Room 301
455 Main Street
Worcester, MA 01608
(508) 799-1161

## CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, hereby certify that I caused a copy of the attached Answer to be served upon all parties by mailing a copy of the same, by certified mail, postage prepaid, to Plaintiff Pro Se Angelo B. Caron, P.O. Box 5978, Boston, MA 02114 this 2 day of November, 2001.

*(signature)*
Janet J. McGuiggan,
Assistant City Solicitor